IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-20068-01-CM |
| | ) | |
| VERNON KEITH REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This criminal case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of a non-party, Boilermakers National Funds ("BNF"), for reconsideration of the court's October 24, 2008 order (doc. 94) granting in part and denying in part BNF's motion to quash (doc. 43) two requests in a subpoena duces tecum served on it by defendant Vernon Keith Reed ("Reed") **(doc. 103)**. Reed has filed a cross-motion for reconsideration **(doc. 104)**. Having reviewed the above-referenced motions and responsive briefs filed by the parties (*see* docs. 105, 106, 108, and 112), the court is now ready to rule.

On December 18, 2007, Reed filed an ex parte motion under seal requesting the court issue a subpoena duces tecum requiring BNF to produce certain documents. The motion was granted by the presiding U.S. District Judge, Hon. Carlos Murguia (*see* doc. 40). The subpoena requested production of fifteen categories of documents. Upon receipt of the subpoena, BNF filed a motion to quash regarding only two of the categories, i.e., Request Nos. 2 and 5. Request No. 2 seeks the personnel files of Scott Wagner, a former BNF

compliance officer, and David Hanson, the chief financial officer.  Request No. 5 seeks information regarding employers who were delinquent in submitting contributions to the pension fund between January 1, 1998 and January 1, 2003.  More specifically, the request seeks: (A) monthly reports on employers who are delinquent; (B) documents sent to BNF's outside counsel, the Blake & Uhlig law firm, for their work in pursuing collections; and (C) delinquent and collection reports to the trustees.

On October 24, 2008, the court entered an order that granted the motion to quash the subpoena as it related to Request No. 2 and subpart (B) of Request No. 5.  The court denied the motion as to subparts (A) and (C) of Request No. 5.  BNA and Reed have filed cross-motions for reconsideration.

D. Kan. Rule 7.3, in pertinent part, provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.
> . . . .
> (b) . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1] A motion to reconsider gives the court the opportunity to correct manifest errors of law or

---

[1] *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

fact and to review newly discovered evidence.[2]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]  Such a motion "is not a second chance for the losing party to makes its strongest case or to dress up arguments that previously failed."[4]

A.      **BNF's motion to reconsider**

BNF seeks reconsideration of the October 24, 2008 order denying its motion to quash as to subparts (A) and (C) of Request No. 5.  BNF claims the court did not address the former's argument that the only documents it has that are responsive to these requests are subject to the attorney-client privilege.  BNF argues that, for the time period in question, there are no "monthly delinquency reports" as requested under subpart (A).  BNF also argues that, with regard to subpart (C), the attorney delinquency reports to the trustees are generated by the law office of Blake & Uhlig and submitted to the trustees at various times throughout the year when the trustees of the individual funds hold meetings.

As to BNF's argument that monthly delinquency reports do not exist, the court of course cannot require a party to produce information or records the party does not possess.

---

[2] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[3] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

[4] *Voelkel*, 846 F. Supp. at 1483 (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Ctr. v. Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

As to the remaining documents sought by subparts (A) and (C), the court finds that reconsideration or clarification of the portion of the October 24, 2008 order addressing these requests is warranted.  In addressing subpart (B), the court noted in Reed's response  filed under seal, he stated he is not seeking any documents that are subject to the attorney-client privilege.  The court should have indicated that this also applied to subparts (A) and (C), since Reed does not limit this statement to subpart (B).  Rather, in addressing BNF's objections to Request No. 5, Reed stated as a general proposition that he "does not seek attorney-client privileged documents."[5]  Therefore, if the documents responsive to subparts (A) and (C) are subject to the attorney-client privilege then BNF need not provide them. However, from the description of the documents provided by BNF, the court is not convinced all these reports, in their entirety, are attorney-client communications.  The court *strongly* suggests BNF first review the well-established law regarding the parameters of attorney-client privilege in this district, for example, *In re Grand Jury Subpoena to Kansas City Bd. of Public Utilities*,[6] and *Burton v. R.J. Reynolds Tobacco Co.*,[7] and then take one more hard look at whether all of the documents in question actually qualify as attorney-client communications.  In camera inspections in many prior cases have led the undersigned magistrate judge to the general impression that, for a variety of reasons, these privileges tend to be asserted much too aggressively, i.e., without much regard to how the underlying facts

---

[5] Reed's Sealed Ex Parte Response, doc. 49, at 11.

[6] 246 F.R.D. 673 (D. Kan. 2007).

[7] 170 F.R.D. 481 (D. Kan. 1997).

match up against applicable law.  If after review BNF determines some documents or portions of the documents do not qualify as attorney-client communications, then BNF shall produce copies of these documents, with the privileged portions redacted, to Reed no later than **February 6, 2009**.

### B.     Reed's motion to reconsider

Reed's motion for reconsideration requests the court to conduct an in camera inspection of the personnel records of David Hanson to determine if the file contains a "job description" or other similar documents for Mr. Hanson, which Reed sought under Request No. 1 of the December 20, 2008 subpoena.  For the reasons stated below, the court denies Reed's motion.

As previously stated, Request No. 2 sought the personnel files of Scott Wagner, a former BNF compliance officer, and David Hanson, the chief financial officer, who allegedly signed every BNF check at issue.  In its October 24, 2008 order, the court found Reed had failed to meet the specificity requirement with regard to this request in that he was seeking the *entire* personnel files of Messrs. Wagner and Hanson.  The court noted that "[t]ypically, personnel files contain a variety of documents and information which  would clearly have no relevancy to any of the offenses charged in this case."[8]  In his sealed response, Reed indicated the type of information he was seeking from these files.  The court, however, found it was highly unlikely that the requested personnel files contained such information.

---

[8] Doc. 94, at 3.

As set forth above, a motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[9]  Reed has failed to establish any of the factors warranting reconsideration.  It appears that Reed is attempting to raise a new issue, that being, whether BNF's response to Request No. 1 was adequate.  The time for raising this issue has long passed.  Nevertheless, BNF represents it has made a diligent search for any job description records for any position held by David Hanson from 1993 to 2003 and have found so such documents.  BNF further represents its counsel, Charles R. Schwartz, has personally reviewed Mr. Hanson's personnel file and has determined it contains no job description records.  There is no reason here to reject Mr. Schwartz's representations as an officer of the court, and therefore Reed's motion for reconsideration is denied.

In consideration of the foregoing,

IT IS HEREBY ORDERED that BNF's motion to reconsider is granted in part and denied in part (**doc. 103**).  Reed's motion to reconsider is denied (**doc. 104**).

Dated this 28th day of January, 2009, at Kansas City, Kansas.

  s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[9] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).